35 C.C.P.A.(Patents)

### Application of SCHARWATH.

Patent Appeal No. 5338.

Court of Customs and Patent Appeals.

Nov. 29, 1947.

E. W. Marshall, of New York City, for appellant.

W. W. Cochran, of Washington, D. C. (J. L. Brewrink and E. L. Reynolds, both of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of all the claims, numbered, respectively, 36, 37, 38, and 39, finally presented in appellant's application for patent entitled "Siding Units and Method of Making Same."

The application discloses a siding unit used in buildings and a method for making same. There is, however, no method claim, all those on appeal being for the article. It seems to be agreed that no one of the claims presents matter which differentiates it patentably from the others, so the four claims stand or fall together.

The brief on behalf of appellant paraphrases and analyzes claim 36 as representative. We quote the official text:

"36. A building unit comprising a base of fibrous material, a facing thereon comprising a heat insulating body layer of considerable thickness adjacent the base of cementitious material of low density and a continuous thinner outer weather resistant body layer of cementitious material of greater density."

Expressed in simple terms, appellant's siding unit, as shown by the specification and drawings, comprises a base layer of insulating board in contact with which there is a layer of porous cementitious material. Between those layers (we treat the base as a layer) there is a wire reinforcement.

Adjacent the last named layer and integrated therewith is a third layer composed of hydraulic cement and asbestos, which is described in claim 36 as an "outer weather resistant body layer of cementitious material of greater density," meaning that it is of greater density than the middle layer of porous cementitious material which is said to be of "low density."

It will be observed that the "wire reinforcement" is not named in claim 36. It is named in claims 37 and 39 only. Claim 38 is similar to claim 36 but adds that the inner (middle layer) is "mixed with bulk and porosity increasing ingredients," and that the thick (outer) layer is "mixed with weather resistant ingredients." Claim 39 adds nothing to claim 38 except the wire reinforcing feature.

It is taught by the specification that the base layer and the intermediate layer integral therewith provide bulk which stiffens the siding and gives it heat-insulating properties; that the wire reinforcement increases the strength of the structure and that the dense outer layer provides weather resistance and forms a surface to which colors may be applied in the process of making the article.

A somewhat unusual situation is presented before us.

In rejecting the claims the examiner cited two reference patents, viz.: Lane, 1,-763,469, dated June 10, 1930, and Strong, 2,038,967, dated April 28, 1936, and his rejection was based "on Lane modified in view of Strong."

The board disagreed with the examiner with respect to the applicability of the Strong patent and, in effect, overruled it as a reference, but it held the claims rejectable upon the Lane patent alone. We quote the following from its decision:

"We are not in agreement with the Examiner's position with respect to the substitution of the porous layer 11 of Strong for the layer 11 of Lane since it is believed that the final result would not produce the article called for in the claim. However, we are of the opinion that the claims do not patentably define over Lane alone since the characteristics of the layers 10 and 11 are clearly set forth in Lane. It seems to us that it would amount to nothing more than a mere reversal of parts to use layer 11 as the outer layer and layer 10 as the inner layer if one desired to have the water resistant layer on the outside. Both of these layers are cementitious in character and the layer 11 is of higher density than the layer 10. Furthermore, the terms 'considerable' and 'water resistant' are purely relative."

To aid in understanding the numerals and the holding in the foregoing quotation it may be said that Lane's outer surface layer, which consists of asbestos-cement material, is identified in his specification and drawing by the numeral 10, and his intermediate layer, described in the claims as being of "quick-hardening cement having greater tensile strength than the asbestos-cement sheet," is identified by the numeral 11. The latter layer serves to cement the outer surface sheet to an inner surface sheet "made of a thermal non-conducting material." As we understand the board's holding, it is to the effect that if the order of Lane's features 10 and 11 be reversed in the unit, the resulting structure will be substantially the same as the structure of Lane, feature 11 corresponding to a feature described by appellant as a layer of cementitious material, designated by the numeral 31, and feature 10 corresponding to appellant's layer 41, which is described as a dense layer of hydraulic cement and asbestos.

Notwithstanding the overruling by the board of the Strong patent as a reference, appellant seeks review by us not only of the decision of the board denying patentability on the Lane patent alone, but of that of the Primary Examiner denying patentability "on Lane modified in view of Strong," and reasons of appeal specifying alleged errors on the part of the examiner appear in the record. As to this, it must be held that this court is without authority to review decisions of the Primary Examiner. In ex parte cases such as this, appeals are taken to us only from the Board of Appeals. Sec. 4911, R.S., 35 U.S.C. § 59a, 35 U.S.C.A. § 59a.

It is true that frequently we have occasion to refer to and discuss decisions of the

examiners but this is generally confined to cases where the board *approves* or fails *expressly to disapprove* references cited by examiners. In cases where the board expressly rejects or disapproves a reference cited by an examiner such action is binding upon us and we have no authority to go beyond the board's decision. There can be no appeals to us from decisions of Primary Examiners, except as they are in effect adopted by and become decisions of the board.

The practice does not work any hardship upon appellants. Upon the contrary, it may enure to an appellant's benefit. In the instant case the Strong patent having been rejected as a reference appellant does not have to overcome it. So far as the record now stands, appellant has to overcome only the Lane patent in order to prevail and obtain patent. The question is, has he accomplished this?

In the final analysis, the principal issue is whether reversing the order in which Lane arranges his layer of asbestos-cement and his layer of quick hardening cement was an inventive act. It may be stated differently, as it was in substance during the oral argument before us, by the query: Was it inventive to put an impervious element between the layers rather than on the outside of one of them?

Appellant alleges that Lane's layer 11 is neither a "body layer of considerable thickness," nor is it "of cementitious material of low density," two of the characteristics defined in appellant's claim 36, supra, as appertaining to his heat insulating body. He refers to the structure which would result from reversing the arrangement of Lane's layers which, it is pointed out, is not suggested by Lane, as a "hypothetic structure," and alleges that it "would not be like appellant's siding, either structurally or functionally. Nor would it be anything like what Lane devised."

With respect to the allegation that Lane's layer 11 is not a body layer of considerable thickness, we agree with the board that "considerable" is a relative term. In our opinion, there is no sufficient certainty as to its meaning as used in appellant's claims to render it critical, nor does it sufficiently distinguish as to thickness from Lane's layer which is described in the Lane patent as a *"properly proportioned* coat or layer of a suitable magnesium oxy-chloride-silex-silica sand, or high alumina Portland cement mortar." (Italics supplied.) In the Lane claims it is referred to as a "quick-hardening cement having greater tensile strength than the asbestos-cement sheet"— that is greater tensile strength than Lane's layer 10. Lane's layer, of course, is cementitious.

It is true, as appellant points out, that Lane does not use the word "density" in connection with either of his layers, a characteristic which appellant emphasizes as to his claims. Lane refers to their "tensile strength." The board did not comment on this difference, but it did say that the (Lane) layer 11 is of higher density than the (Lane) layer 10. Inasmuch as the Lane patent does not use the words density anywhere, it seems to be appellant's view that the board treated tensile strength as being synonymous with density. If such were the case it would be error in fact (whether reversible or not) since there is no relationship between the two terms, but the more reasonable interpretation of the board's meaning seems to be that greater density is inherent in the material composing Lane's layer 11 than in that composing his layer 10.

We do not think, nor did appellant seriously contend, that the reinforcing wire mentioned in claims 37 and 39 adds to the patentability of the claims in view of the showing of Lane in this regard.

The feature of "bulk and porosity increasing ingredients" named in claims 38 and 39 is anticipated by Lane's layer 10 which contains asbestos fibers.

Appellant's brief devotes some space to a discussion of what it designates as "minor errors." We have examined this discussion but find nothing which affects our view as to the conclusion which we think the facts demand.

We agree with the contention of the Solicitor for the Patent Office to the effect that there is no peculiar relation between the layers of the Lane patent which would be so altered by a change in their order

612

as to produce an unexpected result. As stated in the Solicitor's brief:

"The weather proofing and insulation features of [the] layers will not be impaired. Asbestos-cement layer 10 with its insulating and strength-giving features will be adjacent the fibrous material and Lane's thinner weather resistant layer 11 of dense cementitious material will be at its opposite exposed side."

 To state the matter differently, we think appellant's work or development falls within the purview of skill in the art, rather than in the inventive field.

The decision of the board is affirmed.

Affirmed.